# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KESSELEE KANDA, | § | |
| | § | |
| Defendant Below, | § | No. 511, 2014 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 1010009629 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 7, 2015
Decided: February 5, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 5th day of February 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On August 15, 2011, after a three day trial, a Superior Court jury found the appellant, Kesselee Kanda, guilty of eleven counts of Burglary in the Second Degree, eleven counts of Conspiracy in the Second Degree, eleven counts of Theft,[1] five counts of Criminal Mischief, two counts of Possession of a Deadly Weapon with an Obliterated Serial Number, and one count of Receiving a Stolen

---

[1] Two of these counts were subsequently dismissed.

Firearm. These convictions arose from burglaries committed by Kanda and a co-defendant who pled guilty and testified against Kanda at trial. Kanda was sentenced to a total of eleven and a half years of Level V incarceration to be followed by decreasing levels of supervision.

(2)     On direct appeal, Kanda's counsel initially filed an opening brief, but then moved to withdraw under Supreme Court Rule 26(c). Kanda identified the following issues to be raised on appeal: (i) the police lacked probable cause to search the apartment he shared with his co-defendant without a warrant; (ii) the police lacked probable cause to arrest him; (iii) the evidence was insufficient to support his convictions; and (iv) the Superior Court erred in admitting hearsay testimony. This Court concluded that Kanda's claims were without merit and affirmed the judgment of the Superior Court.[2]

(3)     On November 16, 2012, Kanda filed his first motion for postconviction relief. Kanda claimed that: (i) the police searched the apartment he shared with his co-defendant on October 13, 2010 without a warrant; (ii) he was illegally detained during the search of the apartment; and (iii) his counsel was ineffective for failing to file a motion to suppress the stolen goods discovered throughout the apartment. In support of his claim that the police lacked a warrant

---

[2] *Kanda v. State*, 2012 WL 4862590 (Del. Oct. 12, 2012).

to search the apartment, Kanda attached a warrant for his co-defendant's car dated October 12, 2010 and a warrant for the apartment dated October 14, 2010.

(4) As directed by a Superior Court commissioner ("Commissioner"), Kanda's trial counsel responded to Kanda's motion and submitted an affidavit with a search warrant for the apartment dated October 12, 2010. After the State responded to Kanda's motion for postconviction relief, Kanda filed a motion for appointment of counsel. The Commissioner denied and then granted the motion for appointment of counsel. Postconviction counsel ("Postconviction Counsel") was appointed to represent Kanda.

(5) On November 7, 2013, Postconviction Counsel filed a motion to withdraw as counsel because he concluded that Kanda's claims were without merit and he did not find any other meritorious claims for relief. Kanda and the State responded to Postconviction Counsel's motion to withdraw. On June 27, 2014, the Commissioner recommended summary dismissal of Kanda's motion for postconviction relief because all of Kanda's claims lacked merit. On August 14, 2014, the Superior Court adopted the report and recommendations of the Commissioner and denied Kanda's motion for postconviction relief. This appeal followed.

(6) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel

3

asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Kanda of the provisions of Rule 26(c) and provided Kanda with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Kanda of his right to identify any points he wished this Court to consider on appeal. Kanda asked Postconviction Counsel to appeal the issues identified in his first motion for postconviction relief. The State has responded to the issues raised by Kanda and asked this Court to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3] This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4] The Court must consider the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") before addressing any substantive issues.[5]

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(8)     Rule 61(i)(4) bars litigation of any claim that that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[6] This Court previously rejected Kanda's claim that the police searched the apartment he shared with his co-defendant on October 13, 2010 without a warrant.[7] Contrary to Kanda's contention that the police did not obtain a warrant until October 14, 2010, the record reflects that the police obtained a search warrant for the apartment on October 12, 2010, searched the apartment, obtained another search warrant for the apartment on October 14, 2010, and searched the apartment again. Reconsideration of this claim is not warranted in the interest of justice.

(9)     Kanda next claims that the police illegally detained him during the search of the apartment. He did not raise this claim in the proceedings leading to his conviction. Under Rule 61(i)(3), any claim not asserted in the proceedings leading to conviction is barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[8] Under Rule 61(i)(5), Rule 61(i)(3) does not bar a colorable claim of a miscarriage of justice due to a constitutional violation undermining the fundamental fairness of

---

[6] Super. Ct. Crim. R. 61(i)(4).

[7] *Kanda v. State*, 2012 WL 4862590, at *2.

[8] Super. Ct. Crim. R. 61(i)(3).

the proceedings.[9] Kanda has not established cause or prejudice from his failure to raise this claim in a timely fashion. Nor has Kanda established a colorable claim of a miscarriage of justice sufficient to overcome this procedural hurdle under Rule 61(i)(5).

(10) Finally, Kanda claims his trial counsel was ineffective for failing to file a motion to suppress evidence collected from the apartment. To prevail on an ineffective assistance of counsel claim, a defendant must prove that his counsel's performance was objectively unreasonable and that he was prejudiced as a result.[10] Kanda's ineffective assistance of counsel claim is based on his contention that the police did not obtain a warrant to search the apartment until October 14, 2010. As previously discussed, this contention is incorrect. Kanda's ineffective assistance of counsel claim is therefore without merit.

(11) The Superior Court did not err in adopting the report and recommendations of the Commissioner and denying Kanda's motion for postconviction relief. This Court has reviewed the record carefully and has concluded that Kanda's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a

---

[9] Super. Ct. Crim. R. 61(i)(5).

[10] 466 U.S. 668, 691-94 (1984).

6

conscientious effort to examine the record and the law and has properly determined that Kanda could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_Randy J Holland_
Justice

7